**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

TAVERAS JACKSON,

                           Plaintiff,

       v.

HERKIMER COUNTY, et al.;

                   Defendants.

                                 No. 6:26-CV-00306
                                 (AMN/PJE)

---

**APPEARANCES:**

Taveras Jackson
c/o Budget Inn Herkimer
715 Mohawk Street
Herkimer, New York 13350

## ORDER

Plaintiff purported to commence this action on February 25, 2026, with the filing of a complaint. *See* Dkt. No. 1. As plaintiff neither paid this Court's filing fee nor filed an application for leave to proceed in forma pauperis, the Court administratively closed the matter and provided plaintiff an opportunity to comply with the filing fee requirement. *See* Dkt. No. 3. On March 12, plaintiff filed a supplement to the complaint. See Dkt. No. 5. On March 27, plaintiff filed a motion for leave to proceed in forma pauperis, and the Court reopened the case. *See* Dkt. No. 6, 7. On April 9, 2026, plaintiff filed a second motion for leave to proceed in forma pauperis. *See* Dkt. No. 9. The undersigned has reviewed the in forma pauperis applications. See Dkt. No. 6. 9. In both applications, plaintiff states that he has zero income, no financial support from any source, and has

no assets or expenses.  See Dkt. No. 6, 9.  Based on the information he provided to the Court, plaintiff is not presently incarcerated.

As plaintiff checked boxes on the IFP application indicating that he receives no income or support from any source, has essentially no savings, and has no assets, the undersigned is unable to determine how he is able to feed, clothe, or house himself. *See id.* at 1. If plaintiff is receiving any financial assistance, either from a spouse, partner, family member, friend, or any form of government assistance, plaintiff must report that assistance to this Court on his application.  Further, the IFP application itself explains, plaintiff must provide the Court with details as to all of his monthly expenses, including any cost of his monthly mortgage (and, if plaintiff owns a home, the value of his home) or rental payment, utilities, clothing, food costs, transportation expenses. *See generally* Dkt. No. 2.  If plaintiff has a spouse with whom he resides and that spouse has a source of income or savings, plaintiff must report such income or savings as well.  As the undersigned is unable to get a full picture of plaintiff's finances, expenses, and sources of support, a determination cannot be made as to whether plaintiff qualifies for IFP.  Accordingly, it is hereby

**ORDERED**, that plaintiff's IFP applications (Dkt. Nos. 6, 9) are **DENIED** as incomplete; and further

**ORDERED**, that, within fourteen (14) days from the filing date of this Order, plaintiff is to either submit an amended and fully complete IFP application addressing all of the matters addressed herein or pay this Court's full $405 filing fee (consisting of the civil filing fee of $350 and administrative fee of $55), and it is further

**ORDERED**, that if plaintiff fails to submit an amended IFP application or pay the full filing fee within this time frame, the Court will forward this matter to the District Judge for consideration of dismissal; and it is further

**ORDERED**, that the Clerk serve this Order on plaintiff in accordance with Local Rules.

Dated: June 15, 2026
    Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge